Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
LISA CORSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| LISA CORSON, <br><br> Plaintiff, <br><br> v. <br><br> LUXURY HOUSE SEARCH LLC; AMANI MCGREGOR, individually; and DOES 1 through 10 inclusive, <br><br> Defendants. | **Case No. 2:23-cv-05528 CAS-AGR** <br><br> **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGEMENT** <br><br> **Filed and Served Concurrently:** <br><br> 1. Declaration of Mathew K. Higbee <br><br> 2. [Proposed] Order for Judgment <br><br> Judge: Hon. Christina A. Snyder <br> Courtroom: 58D <br> Hearing Date: April 1, 2024, 10:00 a.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 1, 2024, 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Hon. Christina A. Snyder of the above-titled court, located at Courtroom 8D, of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012, Plaintiff Lisa Corson ("Plaintiff") will move for an Order for Entry of Default Judgment against Defendants Luxury House Search LLC and Amani McGregor ("Defendants"), pursuant to Federal Rules of Civil

1
**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Procedure 55(b)(2). Defendants have been properly served with the Complaint and are aware of this action, but have not appeared.

In the alternative, Plaintiff would request that the Court consider this matter appropriate for disposition without a hearing pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15.

Plaintiff requests the following relief:

1.    An award to Plaintiff in the sum of $23,512.00, constituting (a) statutory damages provided by the Copyright Act, 17 U.S.C. § 504, for the infringements alleged in the Complaint, totaling $12,000.00; (b) statutory damages provided by the Copyright Act, 17 U.S.C. § 1203(c)(3)(A), for the removal of copyright management information, totaling $10,000; (c) costs of suit totaling $1,512.00; and (d) post-judgment interest pursuant to 28 U.S.C. § 1961.

2.    L.R. 55-3 provides for recovery of attorney's fees that are calculated according to a fixed schedule. Here, if the Court were to grant Plaintiff's request for damages in the amount of $22,000.00, the amount of attorney's fees awarded would be $1,920.00. However, the amount of attorney's fees spent so far exceeds this amount. Pursuant to L.R. 55-3, Plaintiff's counsel would like the opportunity to file a written request upon entry of the default judgment to have the attorney's fee fixed by the Court.

This Motion is brought on the grounds that entry of default judgment is appropriate in this case because: (1) Plaintiff has satisfied the procedural requirements of Federal Rule of Civil Procedure 55(b)(2); (2) Plaintiff would suffer prejudice if default judgment is not entered because she would be denied the right to judicial resolution of her claims; (3) the Complaint sets forth prima facie claims showing that Defendants are liable for copyright infringement and for violation of copyright management information under the DMCA; (4) Plaintiff seeks a total of $22,000 in statutory damages under the Copyright Act, which constitutes a reasonable award in light of Defendants' willful and brazen infringement and violation of copyright management information under the DMCA; (5) there is no possibility of dispute regarding the material facts of the case; and (6) Defendants' default did not result from excusable neglect, because inter alia, Defendants had adequate and ample notice of lawsuit and their obligation to defend themselves.

2

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Notice of this Motion was served on Defendant Luxury House Search LLC by mailing a copy to its registered agent, Amani McGregor, at the registered address, 8560 Sunset Blvd. 3rd Floor, West Hollywood, CA, 90069, and also mailing a copy to Luxury House's business address, 9200 Sunset Blvd., Suite 200, West Hollywood, CA 90069. Declaration of Mathew K. Higbee ("Higbee Decl.") ¶ 39. Notice of this Motion was served on Defendant Amani McGregor by mailing a copy to her last known address, 11213 Mayacamas Dr., Bakersfield, CA 93312. *Id.*

Defendants are not minors, incompetent, or in military service or otherwise exempted under the Servicemembers Civil Relief Act of 1940. Higbee Decl. ¶ 23.

As a courtesy, Notice of this Motion was also emailed to Defendants at the email address info@luxuryhousesearch.com.

This Motion is based on this Notice of Motion and Motion for Default Judgment, the attached memorandum of points and authorities, the Declaration of Mathew K. Higbee in support, and the pleadings, files, and other materials that are on file with the Court or may be presented at the hearing.

Dated: February 20, 2024      Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is a copyright infringement and removal of copyright management information lawsuit, pursuant to 17 U.S.C.§ 101 et. seq. and 17 U.S.C. § 1202, arising from Luxury House Search LLC ("Luxury House") and Amani McGregor's ("McGregor") unauthorized use of a photograph owned by Lisa Corson ("Corson") and removal of copyright management information from the subject photograph.

Corson is a highly successful and acclaimed freelance photographer who creates and licenses her work for a fee to a variety of editorial and commercial clients including AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, and The Washington Post, and Visit California. [Doc. 1 ¶¶ 9-10].

Corson is the sole author and exclusive rights holder to a photograph of pedestrians walking down a tree-lined, partially-shaded sidewalk, along-side a building with dark green awnings ("South Pasadena Photograph"). [Doc. 1 ¶ 12; Doc. 1-1, Exhibit A]; Decl. of Mathew K. Higbee ("Higbee Decl.) ¶ 24. Corson registered the South Pasadena Photograph with the United States Copyright Office under Registration No. VAu 1-208-781. [Doc. 1 ¶ 14]; Higbee Decl. ¶ 24 and Exhibit 4 attached thereto. Registration No. VAu 1-208-781 has an Effective Date of Registration of April 20, 2015. [Doc. 1 ¶ 14]; Decl. of Higbee Decl. ¶ 26 and Exhibit 4 attached thereto. The South Pasadena Photograph appeared in an articled featured by the Los Angeles Magazine ("LA Magazine") on October 1, 2018, titled *Why We*

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

*Love South Pasadena* ("LA Magazine Article") and can be found at https://www.lamag.com/citythinkblog/small-towns-south-pasadena/. [Doc. 1 ¶ 15; Doc. 1-1, Exhibit B]. The South Pasadena Photograph, as it appeared in the LA Magazine Article, included a photo credit below the bottom right corner of the image crediting the South Pasadena Photograph to Lisa Corson ("Corson Photo Credit"). [Doc. 1 ¶ 17; *See* Doc. 1-1, Exhibit B].

Defendant Luxury House is a limited liability corporation duly organized and existing under the laws of the State of California. [Doc. 1 ¶ 2]; Higbee Decl. ¶ 8 and Exhibit 2 attached thereto. According to the Statement of Information on file with the California Secretary of State, Defendant Luxury House's agent for service of process is Amani McGregor located at 8560 Sunset Blvd, 3rd Floor, West Hollywood, California 90069. Higbee Decl. ¶ 10 and Exhibit 2 attached thereto. According to Luxury House's "Schedule a Consultation" page on its website, https://www.luxuryhousesearch.com/schedule-a-consultation, Luxury House is located at 9200 Sunset Boulevard, Suite 200, West Hollywood, CA 90069. Higbee Decl. ¶ 11 and Exhibit 3 attached thereto.

Defendant McGregor is an individual, and according to Lexis Public records and a skip trace, has a usual place of abode at 11213 Mayacamas Dr. Bakersfield, CA 93312. Higbee Decl. ¶ 13.

Defendant Luxury House is a real estate agency serving clients who are looking to sell or find their dream home. *See* https://www.luxuryhousesearch.com/. Luxury is the owner and operator of the website https://www.luxuryhousesearch.com/ (the

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

"Website"). [Doc. 1 ¶ 19]. Defendant Luxury House generates content on the Website to market and promote its services, attract user traffic and potential clients to the business, and increase its customer base and revenue for the business. [Doc. 1 ¶ 20].

Defendant McGregor is, or was at all relevant times, the principal officer or owner of Luxury House and had a direct financial interest in the content and activities of the Website. [Doc. 1 ¶ 22]; Higbee Decl. ¶ 14 and Exhibit 2 attached thereto. At all relevant times, Defendant Luxury House and Defendant McGregor had the ability to supervise and control all content on the Website. [Doc. 1 ¶ 23]. Defendant Luxury House and Defendant McGregor were at all relevant times acting as agents and alter egos for each other, with respect to the activities alleged in the Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in the Complaint. [Doc. 1 ¶ 24].

On or about June 3, 2021, Corson discovered her South Pasadena Photograph being used by Luxury on the Website on a webpage entitled "Los Angeles Neighborhoods" as the feature image under the subheading "Pasadena." [Doc. 1 ¶ 25; Doc. 1-1, Exhibit C]. Corson also noticed that the South Pasadena Photograph as used on the Website did not include the Corson Photo Credit. [Doc. 1 ¶ 27; *see* Doc. 1-1, Exhibit C]. Corson does not have record of the South Pasadena Photograph being licensed to Defendants nor did Corson provide Defendants with consent or authorization to make copies, publicly display, distribute, or otherwise use the South Pasadena Photograph on the Website with or without the Corson Photo Credit. [Doc. 1 ¶ 29].

3

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

When Corson discovered the unauthorized use of the South Pasadena photograph, Corson, individually, and through previous counsel were in discussions with Defendant McGregor about Defendants' unauthorized use of another photograph ("Malibu Photograph") in which Corson is the sole author and exclusive rights holder. [Doc. 1 ¶ 33]. Defendant McGregor acknowledged use of the Malibu Photograph was unauthorized; Defendants removed the Malibu Photograph from the Website; and then Defendants proceeded to use the South Pasadena Photograph on the Website without Corson's authorization. [Doc. 1 ¶ 37]. After discovering the unauthorized use of the South Pasadena Photograph, Corson, individually, and through previous counsel, sent cease and desist correspondence to Defendants on or about September of 2021 in an attempt to resolve this matter and compensate Corson for lost licensing fees. [Doc. 1 ¶ 34]. Defendants did not respond to the cease-and-desist correspondence relating to the South Pasadena Photograph, and McGregor ceased communications with Corson and her previous counsel. [Doc. 1 ¶ 35].

On July 10, 2023, Corson filed the instant lawsuit against Defendants Luxury House and McGregor alleging Defendants had engaged in willful copyright infringement of Corson's South Pasadena Photograph and removal of copyright management information related to Corson's South Pasadena Photograph. [Doc. 1 ¶¶ 38-54]. On October 6, 2023, after numerous unsuccessful attempts to serve Defendant Luxury House at both its registered office and its place of business and after numerous unsuccessful attempts to serve Defendant McGregor at those addresses as well as at McGregor's usual place of abode, Plaintiff motioned the Court for an order to serve

4

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Defendant Luxury House with substitute service via the California Secretary of State, pursuant to Fed. R. Civ. P. 4(h) and Cal. Corp. Code 17701.16(c) and an order to serve Defendant McGregor with substitute service via "nail and mail" service at 11213 Mayacamas Dr. Bakersfield, CA 93312, pursuant to Cal. Civ. Proc. § 413.40 (2021) ("Motion"). [Doc. 13]; Higbee Decl. ¶ 15. On October 24, 2023, the Court granted Plaintiff's Motion to serve Defendant Luxury House with substitute service via the California Secretary of State and to serve Defendant McGregor via "nail and mail" service. [Doc. 16]; Higbee Decl. ¶ 16.

On November 1, 2023, Defendant Luxury House was served via substitute service on the California Secretary of State, pursuant to the Court's Order (Doc. 16), Fed. R. Civ. P. 4(h), and Cal. Corp. Code 17701.16(c). [*See* Doc. 18]; Higbee Decl. ¶ 17. On November 14, 2023, an executed Affidavit of Service was filed with the Court for Defendant Luxury House. [Doc. 18]; Higbee Decl. ¶ 18. On October 30, 2023, Defendant McGregor was served with the Summons and Complaint via "nail and mail" service by attaching a copy of the Summons and Complaint to the front door at 11213 Mayacamas Dr. Bakersfield, CA 93312 and thereafter mailing copies of the Summons and Complaint to 11213 Mayacamas Dr. Bakersfield, CA 93312 and emailing copies of the Summons and Complaint to Amani McGregor at info@luxuryhousesearch.com. [Doc. 17]; Higbee Decl. ¶ 19. On November 14, 2023, an executed Affidavit of Service was filed with the Court. [Doc. 17]; Higbee Decl. ¶ 20.

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

On January 6, 2024, an attorney with Higbee & Associates, who was assisting Mr. Higbee with this matter, sent an email to Defendants at the email address listed on the Luxury House Website to contact the company, info@luxuryhousearch.com, and explained that the instant lawsuit had been filed on July 10, 2023; on October 24, 2023, the Court granted Plaintiff's motion to serve Luxury House via the California Secretary of State and to serve McGregor by nail-and-mail service; the Summons and Complaint had been served on the California Secretary of State on November 1st and on McGregor via nail-and-mail service on October 30th[1]; to date Plaintiff had not received a response from either Defendant; and Plaintiff intended to begin the default process. Higbee Decl. ¶ 21 and Exhibit 4 attached thereto. On January 8, 2024, pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested entry of default as to the Complaint. [Doc. 19]; Higbee Decl. ¶ 23. On January 9, 2024, the Clerk entered Default against Defendant Luxury House and against Defendant McGregor. [Doc. 20]; Higbee Decl. ¶ 24.

## II.    PLAINTIFF IS ENTITLED TO ITS REQUESTED RELIEF

In addition to the applicable procedural requirements, a court's decision to grant default judgment is guided by a list of seven factors known as the *Eitel* factors. *See Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986); *see also Michael Grecco Productions, Inc. v. WrapMarket, LLC,* 2017 WL 10434020, at *2 (C.D.Cal., 2017) (granting default judgment based on *Eitel* factors). While the decision to grant a

---

[1] The initial email to Defendants incorrectly stated that the date nail-and-mail service was effected on November 8, 2023. Plaintiff's counsel immediately sent a follow-up email to Defendants correcting the November 8th date to October 30th.

6

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

default judgment is left to the discretion of the Court, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Tele Video Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987). While a plaintiff must "prove up" damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entm't Group Inc. v. Bryant,* 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004).

Plaintiff has satisfied the procedural requirements of the Federal Rules, and the *Eitel* factors weigh in favor of entering default judgment.

**A.     The Procedural Requirements For Default Judgment Are Satisfied**

The requirements of Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1 plainly have been met. On November 1, 2023, pursuant to Federal Rules of Civil Procedure 4(h) and California Corporations Code 17701.16(c), Defendant Luxury House was served via substitute service on the California Secretary of State. [*See* Doc. 18]; Higbee Decl. ¶ 15. On October 30, 2023, pursuant to California Civil Procedure Code § 413.40 (2021), Defendant McGregor was served via "nail and mail" service by attaching a copy of the Summons and Complaint to the front door at 11213 Mayacamas Dr. Bakersfield, CA 93312 and thereafter mailing copies of the Summons and Complaint to 11213 Mayacamas Dr. Bakersfield, CA 93312 and emailing copies of     the     Summons     and     Complaint     to     Amani     McGregor     at

7

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

info@luxuryhousesearch.com. [Doc. 17]; Higbee Decl. ¶ 17. On January 9, 2024, the Clerk entered Default against Defendant Luxury House and against Defendant McGregor as to the Complaint. [Doc. 20]; Higbee Decl. ¶ 21. Defendants are not minors, incompetent, or in the military services, and the Service Members Civil Relief Act of 2003 (50 U.S.C. App. § 501 et seq.) does not apply. Higbee Decl. ¶ 23.

**B.     The Allegations of the Complaint, Taken as True, Establish Defendants' Liability for Copyright Infringement**

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

To satisfy the first element, a certificate of registration validly obtained from the Copyright Office before first publication of a work constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate, including ownership. *See* 17 U.S.C. § 410(c). In this case, Plaintiff is entitled to this statutory presumption because she registered the South Pasadena Photograph with the Copyright Office prior to its publication. *See* Exhibit 1.

Plaintiff alleges in the Complaint that she is the exclusive rights holder to the South Pasadena Photograph. [Doc. 1 ¶ 12; Doc.1-1, Exhibit A]. Plaintiff also alleges in the Complaint that she registered the South Pasadena Photograph with the United States Copyright Office under Registration Number VAu 1-208-781. [Doc. 1 ¶ 14]; Higbee Decl. ¶ 24 and Exhibit 4 attached thereto. Registration Number VAu 1-208-

8

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

781 has an effective registration date of April 20, 2015, and the photographs covered in the registration, including the South Pasadena Photograph, were unpublished at the time of registration.  [Doc. 1 ¶ 14]; Higbee Decl. ¶ 26 and *see* Exhibit 4 attached thereto. Because the South Pasadena was registered prior to its first publication, the certificate of registration constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate, including Plaintiff's ownership. *See* 17 U.S.C. § 410(c).

Thus, Plaintiff has satisfied the first element of her copyright infringement claim.

To satisfy the second element, Plaintiff alleges that Luxury is the owner and operator of the website https://www.luxuryhousesearch.com/ (the "Website") and McGregor is or was at all relevant times the principal officer, owner, or member of the Luxury House and had a direct financial interest in the content and activities of the Luxury House Website. [Doc. 1 ¶¶ 19, 22]; *see also* Higbee Decl. ¶ 12 and Exhibit 2 attached thereto. Plaintiff also alleges that Defendants created an unauthorized copy of the South Pasadena Photograph; caused it to be uploaded to and displayed and distributed on the Website; and otherwise held out to the public Corson's original and unique South Pasadena Photograph for commercial benefit and acquired monetary gain and market benefit as a result of use of the South Pasadena Photograph on the Website. [Doc. ¶¶ 30-31; Doc. 1-1, Exhibit C].  Plaintiff also attached a copy of the original South Pasadena Photograph and a copy of the Luxury House Website page which  incorporated  the  unauthorized  South  Pasadena  Photograph  created  by

9

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Defendants to her Complaint. [Doc. 1-1, Exhibits A and C]; *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423-24 (9th Cir. 4 1987) ("[A] 'striking similarity' between the works may give rise to a permissible inference of copying.").

To show Defendant McGregor may be held jointly and severally liable for infringement of Corson's South Pasadena Photograph, Corson has alleged that Defendant McGregor is, or was at all relevant times, the principal officer or owner of Luxury House and had a direct financial interest in the content and activities of the Website, and at all relevant times, McGregor had the ability to supervise and control all content on the Website. [Doc. 1 ¶¶ 22-23].

Thus, Plaintiff's Complaint pleads facts that, taken as true, are sufficient, as a matter of law, to establish that Defendants are liable for copyright infringement.

**C. The Allegations of the Complaint, Taken as True, Establish Defendants' Liability for the DMCA Violation**

The Digital Millenium Copyright Act ("DMCA") prohibits intentionally removing copyright management information ("CMI") without the authority of the copyright owner, or distributing copies of works knowing the CMI has been removed or altered without the authority of the copyright owner, "knowing, or . . . having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b). The DMCA defines CMI as "information conveyed *in connection with* copies . . . of a work . . .". 17 U.S.C. § 1202(c) (emphasis added). That information includes "[t]he name of, and other identifying information about, the copyright owner of the work . . ." 17 U.S.C. §

10

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

1202(c)(3). The CMI is not required to appear on the work itself. *See Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011). The identifying information need not be present on a photograph or in a photograph's metadata to constitute copyright management information. See Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 377-78 (S.D.N.Y. 2019) (noting that courts have found that "gutter credits" constitute copyright management information under the DMCA), aff'd, 2020 WL 4690071 (2d Cir. Aug. 13, 2020). CMI has been construed to include captions placed beside the image which provide attribution to the author and rightful copyright owner. *Agence France Presse v. Morel*, 2010 U.S. Dist. LEXIS 139103 (S.D.N.Y. Dec. 23, 2010). *Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011). A photo credit conveyed in connection with the distribution of a photograph falls squarely within the statutory definition of CMI, which includes "[t]he name of, and other identifying information about, the author of a work" or "the copyright owner of the work." 17 U.S.C. § 1202(c)(2)-(3); *Morel*, 769 F. Supp. 2d at 306 (holding that the photographer sufficiently stated a claim under the DMCA where news outlets copied photos from photographers Twitter feed and knowingly failed to include a photo credit).

Here, Corson alleged in her Complaint that the South Pasadena Photograph, as it appeared in the in the LA Magazine Article, included the Corson Photo Credit below the bottom right corner of the image. [Doc. 1 ¶ 17; *see* Doc. 1-1, Exhibit B]. Corson also alleged that she noticed that the South Pasadena Photograph as used on the Website did not include the Corson Photo Credit, and that she did not provide

11
**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Defendants with consent or authorization to make copies, publicly display, distribute, or otherwise use the South Pasadena Photograph on the Website with or without the Corson Photo Credit. [Doc. 1 ¶¶ 27, 29, *see* Doc. 1-1, Exhibit B].

Thus, Plaintiff's Complaint pleads facts that, taken as true, are sufficient, as a matter of law, to establish Defendants are liable for removal of CMI (Corson Photo Credit), a violation under the DMCA.

### C.    The *Eitel* Factors Warrant Entry of Default Judgment

As previously discussed, a court's decision to grant default judgment is guided by seven factors. *See Eitel,* 782 F.2d at 1471-1472.

*(1) Possibility of Prejudice:* The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Eitel,* 782 F.2d at 1471-72. Prejudice exists where, absent entry of a default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See Elektra Entm't Group Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005); *Bryant,* 2004 WL 783123, at *3. Without a default judgment, Plaintiff would be deprived of the right to judicial resolution of its claims for copyright infringement, and Defendants will have benefitted from their willful infringement.

*(2) Merits of Claim and (3) Sufficiency of Complaint:* The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). As set forth above, Plaintiff has sufficiently stated her claim for relief.

**(4) Amount at Stake:** Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. For each work infringed, the Copyright Act permits the copyright owner to recover statutory damages in an amount between $750 and $30,000. 17 U.S.C. § 504(c)(1). Where the infringement was willful, the award rises to $150,000 per infringement. 17 U.S.C. § 504(c)(2). The Court may allow the recovery of full costs against Defendants. 17 U.S.C. § 505. As the prevailing party, Plaintiff also is entitled to seek reasonable attorneys' fees. 17 U.S.C. § 505; *see Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (plaintiff securing default judgment is "prevailing party"). As a result of Defendant's unlawful conduct, Plaintiff prayed for statutory damages, costs of litigation, and reasonable attorney's fees.

Because Defendants' conduct was willful (as discussed in more detail *infra* at Section III (A)), Corson is entitled to seek up to $150,000 per work infringed, but has instead requested the substantially lower amount of $12,000.00, based on approximately five times the license fee of $2,400.00 for a comparable photograph that Corson previously licensed for commercial use on a company's website for one 17 months. *See* Higbee Decl. ¶ 30 and Exhibit 5 attached thereto. The requested damages are manifestly reasonable. *See BWP Media USA, Inc. v. Gossip Cop Media, Inc.,* 196 F. Supp. 3d 395 (S.D.N.Y. 2016) (Holding that Plaintiff is entitled to an award of statutory damages in the amount of five times the licensing fee for the image

13
**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

because of the degree of willfulness in this case and the need to deter future infringement).

In addition, Corson's has requested $10,000.00, or four times the minimum statutory amount of $2,500.00, for removal of her photo credit on her South Pasadena Photograph before incorporating it on the Luxury House Website. The requested damages are reasonable, given Defendants' default (discussed in more detail *infra* at Section III (B)), and far less than the maximum amount of $25,000 Corson is entitled to seek for a violation of copyright management information under the DMCA.

***(5) Possibility of Dispute Regarding Material Facts:*** The fifth *Eitel* factor requires the Court to consider the possibility of a dispute as to a material fact. *Eitel,* 782 F.2d at 1471-72. As a threshold matter, there is no possible dispute concerning the material facts because the factual allegations of Plaintiff's Complaint are taken as true. *Marcelos v. Dominguez,* 2009 WL 230033, at *4 (N.D. Cal. Jan. 29, 2009). In any event, the facts alleged in the Complaint are straightforward, confirmed by Plaintiff's investigation and the screenshots attached to the Complaint, and are not subject to reasonable dispute.

***(6) Possibility of Excusable Neglect:*** Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel,* 782 F.2d at 1471-72. Defendants failed to answer or file a responsive pleading despite proper notice of this action and their infringing conduct. Defendants' conduct is not excusable, because they were served with process, yet never made any attempt to file a responsive pleading. *Ibid*; *see Meadows v. Dom. Rep.,* 817 F.2d 517, 521 (9th Cir.

14

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer."); *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 14☐15 995, 1005 (N.D. Cal. 2001) (when properly served with complaint and notice of entry of default defendant's default not attributable to excusable neglect). Furthermore, as discussed *infra* at Section I, on January 6, 2024, Plaintiff's counsel sent an email to Defendants and advised them that Plaintiff's counsel would begin proceedings to seek a default judgment against the named-defendants in the Complaint. Higbee Decl. ¶ 19 and Exhibit 3 attached thereto. Defendants still failed to make any attempt to answer or file a responsive pleading.

(7) ***Policy for Deciding Case on the Merits:*** The final *Eitel* factor considers the preference for deciding cases on the merits. *Eitel* 782 F.2d at 1471-72. "However, this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Caridi,* 346 F. Supp. 2d at 1073. Here, the only reason this lawsuit cannot proceed to the merits is because Defendants, *after notice,* failed to appear and defend this action.

In sum, the balance of *Eitel* factors weigh in Plaintiff's favor, and the Court should grant this motion and enter default judgment against Defendants for copyright infringement.

## III.   PLAINTIFF'S REQUESTED RELIEF IS APPROPRIATE

### A.   Plaintiff is Entitled to an Award of Statutory Damages For Copyright Infringement

15
**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Section 504(c)(1) of the Copyright Act provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If, as here, the infringement is willful, the award may be increased to $150,000 for each work infringed. 17 U.S.C. § 504(c)(2).

Under the current Copyright Act, a copyright owner may recover either the "actual damages and any additional profits of the infringer," or "statutory damages," but not both. 17 U.S.C. § 504(a). The copyright owner may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261 (5th Cir. 2020) (quoting 4 *Nimmer,* § 14.04[A]); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement"). Furthermore, "when the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994)

16

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

(quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991)).

Here, willfulness is indisputable because the Complaint's pleaded allegation of willfulness is conclusively deemed true upon default. *See Rodgers v. Anderson,* 2005 WL 950021, *3 (S.D.N.Y. Apr. 26, 2005) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be willful infringers."); *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (since plaintiff "alleged (and, by virtue of the entry of default, proved) willful infringement by [defendant], [plaintiff] is entitled to received [sic] enhanced statutory damages in an amount not to exceed $150,000" per infringement).

Plaintiff seeks a statutory damages award of $12,000 representing approximately five times the licensing fee of $2,400.00 for a comparable use of a photograph of a high-end furniture company showroom for use on a high-end commercial website for 17 months for up to a quarter of a screen. Higbee Decl. ¶ 31 and Exhibit 5 attached thereto; *see BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395 (S.D.N.Y. 2016) (Holding that Plaintiff is entitled to an award of statutory damages in the amount of five times the licensing fee for the image because of the degree of willfulness in this case and the need to deter future infringement).

**B.     Statutory Damages For Violation of §1202**

With respect to Corson's claim under the Digital Millennial Copyright Act, 17 U.S.C § 1203 provides that where there has been an undisputed violation of CMI, statutory damages may be awarded in a "sum of not less than $2,500 or more than

17

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

$25,000". 17 U.S.C §1203(c)(3). In assessing statutory damages under the DMCA, courts consider "the difficulty of proving actual damages, the circumstances of the violation, whether defendants violated the DMCA intentionally or innocently, and deterrence." *Myeress v. Elite Travel Grp. USA*, 2018 WL 5961424, at *4 (S.D.N.Y. Nov. 14, 2018). Courts may infer willfulness in a DMCA violation from a defendant's default. *Malibu Media, L.L.C. v. Doe,* No. 18-CV-6432, 2020 WL 2736723, at *3 (E.D.N.Y. April 7, 2020) (citing Hounddog Prods., L.L.C. v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011)).

As discussed above, Corson has properly established that the infringement was willful in nature. As such, Corson requests an award of $10,000, or four times the statutory amount, for Defendants' violation of 17 U.S.C. § 1202. This amount is sufficient to compensate Corson and to punish and deter Defendants in light of their willful conduct, while at the same time falling within the lower range of a permissible statutory award so as not to give Corson an undue windfall.

### C.    Plaintiff is Entitled to Reasonable Fees and Costs

Pursuant to 17 U.S.C. § 505, as a remedy for the copyright infringement, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award reasonable attorney's fees to pay the prevailing party as part of the costs." 17 U.S.C. § 505. Courts regularly award costs and attorneys' fees to plaintiffs who prevail in copyright infringement actions based on a defendant's unauthorized use of copyrighted material. *See Broad. Music, Inc. v. P.A.M.D.H. Enters.,* No. 13-CV-2255, 2014 U.S. Dist. LEXIS 84409 (S.D.N.Y. June 19, 2014).

18

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Additionally, 17 § 1203(b)(4)-(5) allows for the recovery of costs and attorney fees for violations of CMI.

As the "prevailing party," Corson is entitled to an award of attorneys' fees and "full costs." 17 U.S.C. § 505; *see Streeter,* 438 F. Supp. 2d at 1074 (plaintiff securing default judgment is "prevailing party"). Corson is entitled to an award of attorneys' fees, however L.R. 55-3 provides for recovery of attorney's fees that are calculated according to a fixed schedule. Here, if the Court were to grant Plaintiff's request for damages in the amount of $22,000.00, the amount of attorney's fees awarded would be $1,920.00. Thus, Plaintiff's counsel would like the opportunity to file a written request upon entry of the default judgment to have the attorney's fee fixed by the Court. Higbee Decl. ¶ 36. Plaintiff also seeks reimbursement of costs in the amount of $1,512.00. *See* Higbee Decl. ¶ 37 and Exhibit 6 attached thereto.

## IV. CONCLUSION

For all of the reasons set forth above, Plaintiff Lisa Corson respectfully requests that she be awarded a total of $23512.00 constituting $12,000.00 in statutory damages for the copyright infringement; $10,000.00 in statutory damages for the DMCA violation; and $1,512.00 in costs; and post-judgment interest at 4.98% per annum.

DATED: February 20, 2024                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112

19

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Santa Ana, CA 92705
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

20

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

## CERTIFICATE OF SERVICE

I, the undersigned, say:

I am a citizen of the United States, and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action.

My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On February 20, 2024, I caused to be served a true and correct copy of the foregoing **Notice of Motion and Motion for Default Judgment; Declaration of Mathew K. Higbee; and [Proposed] Order for Judgment** on all parties in this action by placing true copies thereof in an enclosed in a sealed envelope and sending the sealed envelopes via First-Class U.S. mail, postage prepaid, to the last known address of each party as follows:

> Luxury House Search LLC
> Amani McGregor – Registered Agent
> 8560 Sunset Blvd
> 3rd Floor
> West Hollywood, California 90069
>
> Luxury House Search LLC
> 9200 Sunset Blvd
> Suite 200
> West Hollywood, California 90069
>
> Amani McGregor
> 11213 Mayacamas Dr.
> Bakersfield, California 93312

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 20, 2024, at Santa Ana, California.

*/s/ Mathew K. Higbee*
Mathew K. Higbee

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**