UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION FOR DEFAULT JUDGMENT (Dkt. 21, filed on February 20, 2024)

## I.   INTRODUCTION

Presently before the Court is plaintiff Lisa Corson's motion for default judgment against defendants Luxury House Search LLC ("Luxury House") and Amani McGregor (collectively, "defendants"). Dkt. 21 ("Mot."). The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

On July 10, 2023, plaintiff Lisa Corson filed a complaint against defendants alleging (1) copyright infringement; and (2) removal of copyright management information. Dkt. 1 ("Compl.") at 6-7.

On October 6, 2023, plaintiff moved to serve Luxury House via the California Secretary of State and to serve McGregor via "nail and mail" service. Dkt. 13. On October 24, 2023, the Court granted plaintiff's motion. Dkt. 16.

On November 14, 2023, plaintiff filed proof of service upon both defendants. Dkts. 17, 18.

On January 8, 2024, plaintiff requested that the clerk enter default against defendants. Dkt. 19. On January 9, 2024, the clerk entered default against defendants. Dkt. 20.

On February 20, 2024, plaintiff filed the instant motion for default judgment against defendants. Dkt. 21 ("Mot.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiff alleges the following facts in her complaint.

Plaintiff Lisa Corson is an individual and professional photographer.  Compl. ¶ 1.

Defendant Luxury House is a California limited liability corporation.  Id. ¶ 2.  Luxury House provides real estate services to "people who are looking to buy, sell, develop, or remodel their homes in Los Angeles, California" and is the owner and operator of the website http://www.luxuryhousesearch.com/ (the "Website").  Id. ¶¶ 18-19.

Defendant Amani McGregor is an individual residing in California and is the "principal officer or owner of Luxury [House] and ha[s] a direct financial interest in the content and activities of the Website."  Id. ¶¶ 3, 22.

Plaintiff is allegedly the sole author and exclusive rights holder to "a photograph of pedestrians walking down a tree-lined, partially-shaded sidewalk, along-side a building with dark green awnings[] (the 'South Pasadena Photograph')."  Id. ¶ 12.  Corson registered the South Pasadena Photograph with the United States Copyright Office with an Effective Date of Registration of April 20, 2015.  Id. ¶ 14.

On October 1, 2018, the South Pasadena Photograph appeared in an article featured by the Los Angeles Magazine ("LA Magazine") and included "a photo credit below the bottom right corner of the image crediting the South Pasadena Photograph to Lisa Corson ('Corson Photo Credit')."  Id. ¶ 17.

On or about June 3, 2021, Corson "discovered her South Pasadena Photograph being used by Luxury on the Website on a webpage entitled 'Los Angeles Neighborhoods' as the feature image under the subheading 'Pasadena.'"  Id. ¶ 25.  The Website did not include the Corson Photo Credit.  Id. ¶ 27.  Corson "does not have [a] record of the South Pasadena Photograph being licensed to [d]efendants nor did Corson provide [d]efendants with consent or authorization to make copies, publicly display, distribute or otherwise use the South Pasadena Photograph on the Website with or without the Corson Photo Credit."  Id. ¶ 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

On or about September 2021, Corson sent cease and desist correspondence to defendants. Id. ¶ 34. Defendants did not respond. Id. ¶ 35.

On a previous occasion, Corson had communicated with McGregor regarding the unauthorized use of another photograph owned by Corson (the "Malibu Photograph"). Id. ¶ 37. McGregor "acknowledged use of the Malibu Photograph was unauthorized [and] removed the Malibu Photograph from the Website[.]" Id.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1.

## IV. DISCUSSION

### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., 2018 WL 1989518, at *1. Here, the procedural requirements for default judgment are satisfied because (1) plaintiff served Luxury House via substituted service on the California Secretary of State and served McGregor via "nail and mail" service pursuant to California Civil Procedure Code § 413.40; (2) the clerk entered default against both defendants; and (3) plaintiff submitted a declaration establishing that the defendants are not minors or incompetent persons, and are not in military service such that the Servicemembers Civil Relief Act does not apply. Dkt. 21-1 ("Higbee Decl."). Notice of plaintiff's motion for default judgment was properly served on the defendants pursuant to Local Rule 55-2. Id. ¶ 39.

Accordingly, plaintiff has satisfied the procedural requirements for default judgment under the Federal and Local Rules. The Court now proceeds to plaintiff's motion for default judgment.

### B. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471-72. Courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, 238 F. Supp. 2d at 1175.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

Here, in the absence of default judgment, plaintiff would be without recourse for recovery on her copyright claims against defendants. Accordingly, the first Eitel factor weighs in favor of entering default judgment.

    2.    <u>Sufficiency of the Complaint and the Likelihood of Success on the Merits</u>

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d. at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F. Supp. 2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except for those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F. 2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F. 2d 1261, 1267 (9th Cir. 1992).

Here, plaintiff moves for default judgment against the defendants regarding her claims for (1) copyright infringement; and (2) removal of copyright management information. Compl. ¶¶ 6-7.

    a. *Copyright Infringement*

To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant. Unicolors, Inc. v. Urb. Outfitters, Inc., 853 F.3d 980, 984 (9th Cir. 2017).

According to plaintiff's complaint, plaintiff is the registered owner of a copyright on the South Pasadena Photograph. Compl. ¶ 14. She also alleges that defendants copied the entirety of the South Pasadena Photograph by posting it on the Website on a webpage entitled "Los Angeles Neighborhoods." Id. ¶ 25. Thus, plaintiff has sufficiently stated a claim for copyright infringement.

    b. *Removal of Copyright Management Information*

Section 1202(b) of the Digital Millennium Copyright Act ("DMCA") provides that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

No person shall, without the authority of the copyright owner or the law—

1. intentionally remove or alter any copyright management information;

2. distribute or import for distribution any copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner . . . or

3. distribute, import for distribution . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner . . . knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b).

Section 1202(c) defines copyright management information (CMI) to include the following: "[the] title and other information identifying the work, including the information set forth on a notice of copyright;" "[the] name of, and other identifying information about, the author of a work;" and "[the] name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c).

Here, plaintiff alleged that the South Pasadena Photograph, "as it appeared in the [] LA Magazine Article, included the Corson Photo Credit below the bottom right corner of the image." Mot. at 11. She also alleged that the "South Pasadena Photograph as used on the Website did not include the Corson Photo Credit, and that she did not provide [d]efendants with consent or authorization to make copies, publicly display, distribute, or otherwise use the South Pasadena Photograph on the Website with or without the Corson Photo Credit." Id. at 11-12. She further alleges that "[d]efendants' conduct was intentional because they purposefully removed the Corson Photo Credit identifying Corson as the author of the South Pasadena Photograph, before incorporating the South Pasadena Photograph on the Website[.]" Compl. ¶ 51. Thus, plaintiff has sufficiently stated a claim for improper removal of CMI.

Accordingly, the second and third Eitel factors weigh in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

      3.    <u>Sum of Money at Stake in the Action</u>

Pursuant to the fourth <u>Eitel</u> factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." <u>PepsiCo</u>, 238 F. Supp. 2d at 1176; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471-72. "This determination requires a comparison of the recovery sought and the nature of the defendant's conduct to determine whether the remedy is appropriate." <u>United States v. Broaster Kitchen, Inc.</u>, No 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); <u>see also</u> <u>Walters v. Statewide Concrete Barrier, Inc.</u>, No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.")

For each work infringed, the Copyright Act permits the copyright owner to recover statutory damages in an amount between $750 and $30,000. 17 U.S.C. § 504(c)(1). Where the infringement was willful, the award rises to $150,000 per infringement. 17 U.S.C. § 504(c)(2). The Court may allow the recovery of full costs against Defendants and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Additionally, 17 U.S.C § 1203 provides that a plaintiff bringing a claim for removal of CMI in violation of § 1202 "may elect to recover an award of statutory damages . . . in the sum of not less than $2,500 or more than $25,000." 17 U.S.C §1203(c)(3).

Here, plaintiff is seeking $22,000.00 in total damages and $1,512.00 in costs.[1] With regard to her copyright infringement claim, plaintiff moves for an award of $12,000.00 "based on approximately five times the license fee of $2,400.00 for a comparable photograph that Corson previously licensed for commercial use on a company's website for [] 17 months." Mot. at 13. Plaintiff notes that this amount is substantially lower than the $150,000 in statutory damages that she is allegedly entitled to for defendant's willful infringement of her copyright. <u>Id.</u> Plaintiff has also requested $10,000.00, "or four times the minimum amount of $2,500.00, for removal of her photo

---

[1] Plaintiff's counsel acknowledges that, according to the fixed schedule provided by L.R. 55-3, attorneys' fees in this action would be calculated at $1,920.00. Counsel "would like the opportunity to file a written request upon entry of the default judgment to have the attorney[s'] fee fixed by the Court" given that "the amount of attorney[s'] fees spent so far exceeds this amount." Mot. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

credit on her South Pasadena Photograph before incorporating it on the Luxury House Website." Id. at 14.

The Court finds that plaintiff's sought after remedy is appropriate. Plaintiff's calculations are based on licensing fees for comparable photographs that were used on commercial websites. Additionally, the requests for damages fall substantially below the statutory maximum for willful infringement and removal of CMI.

Accordingly, the Court finds that the fourth Eitel factor weighs in favor of entering default judgment.

### 4. Possibility of Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are in dispute. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, plaintiff has "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" the defendants. Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Therefore, "no dispute has been raised regarding the material averments of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.

Accordingly, the fifth Eitel factor weighs in favor of granting the motion for default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72.

Here, the possibility of excusable neglect is remote. Between July 17, 2023, and August 1, 2023, plaintiff's process server made five attempts to serve defendants at the address located on Luxury House's Website but was denied entry each time. Dkt. 13 at 2. The process server also attempted to serve Luxury House at the address designated for service of process on record with the California Secretary of State but learned that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

defendants were prior tenants. Id. at 2. Plaintiff then sought, and was granted, leave to serve Luxury House via the California Secretary of State. Dkts. 16, 18.

Plaintiff's counsel also "learned through Lexis Public Records and skip tracing that McGregor resides at 11213 Mayacamas Dr., Bakersfield, California 93312, and several attempt[s] were made to serve her at her residence." Id. at 3. A resident told the process server that McGregor lived at that address, but no one answered the door despite multiple attempts to serve McGregor at this residence. Id. Plaintiff then sought, and was granted, leave to serve McGregor via "nail and mail service" and by emailing copies of the summons and complaint to McGregor's business email address. Id. at 4; Dkts. 16, 17.

Accordingly, the sixth Eitel factor weighs in favor of granting the motion for default judgment.

      6.      <u>Policy Favoring Decisions on the Merits</u>

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

      7.      <u>Conclusion Regarding the Eitel Factors</u>

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of the plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against defendants is appropriate.

    C.    **Relief Sought by Plaintiff**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation marks omitted). The moving party "has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. V.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:23-cv-05528-CAS-AGRx | Date | March 28, 2024 |
|---|---|---|---|
| Title | Lisa Corson v. Luxury House Search LLC et al. | | |

Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

Notably, "deterrence of future infringement is an important factor in determining damages under the Copyright Act, and therefore an award of statutory damages need not equal the amount of a plaintiff's actual damages." Philip Morris USA, Inc., 219 F.R.D. at 501. "In determining the appropriate amount of statutory damages, the court should be guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement, and the like." Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1102 (N.D. Cal. 2003) (internal quotations omitted). "Statutory damages are particularly appropriate in a case, such as this one, in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." Id. at 1101.

Here, as discussed above, plaintiff is seeking "a total of [$23,512.00] constituting $12,000.00 in statutory damages for the copyright infringement; $10,000.00 in statutory damages for the DMCA violation; [] $1,512.00 in costs; and post-judgment interest at 4.98% per annum." Mot. at 19. Plaintiff has adequately alleged that defendants' infringement was willful, particularly given that defendants had previously infringed on another one of plaintiff's works (the Malibu Photograph). Plaintiff's request for statutory damages is also substantially below the statutory maximum for willful infringement. Accordingly, the Court finds that the relief sought by plaintiff is reasonable.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment and **GRANTS** counsel's request for leave to file a written request upon entry of the default judgment to have attorneys' fee fixed by the Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |